UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Respondent/Plaintiff,<br>　　v.<br><br>JULIO ABUNDIS,<br><br>　　　　　Petitioner/Defendant. | Case Nos. 2:18-cr-00158-MMD-VCF-1<br>2:20-cv-00637-MMD[1]<br><br>ORDER |

**I.　SUMMARY**

　　Abundis plead guilty to one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (ECF No. 27), and on March 21, 2019, the Court sentenced him to 46 months imprisonment (ECF No. 39). Before the Court is Abundis' motion to vacate, set aside, or correct his conviction and sentence under 28 U.S.C. § 2255(a). (ECF No. 42 (the "Motion").)[2] Abundis filed his Motion in response to the Supreme Court's ruling in *Rehaif v. U.S.*, 139 S. Ct. 2191 (2019), arguing that the Supreme Court's reinterpretation of 18 U.S.C. §§ 922(g) and 924(a)(2) in *Rehaif* renders his indictment defective for failure to include a requisite mens rea element. But because Abundis waived the right to raise constitutional claims like this one when he plead guilty unconditionally, and as further explained below, the Court will deny the Motion.

///

///

---

[1] Case No. 2:18-cr-00158-MMD-VCF-1 is the underlying criminal matter. Case No. 2:20-cv-00637-MMD is the civil matter opened when the Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. 2255 was filed on April 3, 2020.

[2] The government opposes the Motion. (ECF No. 46.) Abundis filed a reply. (ECF No. 49.)

## II. BACKGROUND

On May 16, 2018, a grand jury indicted Petitioner Julio Abundis on one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (ECF No. 1.) The grand jury issued a superseding indictment on June 6, 2018. (ECF No. 6.) As to Count One, Felon in Possession of a Firearm, both indictments allege the following:

> On or about September 29, 2017, in the State and Federal District of Nevada, Julio Abundis, having been convicted of crimes punishable by imprisonment for a term exceeding one year . . . did knowingly possess a firearm . . . said possession being in and affecting interstate commerce and said firearm having been shipped and transported in interstate commerce, all in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

(*Id.*) Abundis entered into a plea agreement (ECF No. 27), and the Court accepted his guilty plea on October 18, 2018 (ECF No. 26). On March 21, 2019, the Court sentenced Abundis to 46 months imprisonment, to run concurrently with his sentence from a Texas state court case. (ECF Nos. 39, 40.) Judgment was entered on March 25, 2019. (ECF No. 40.) Abundis did not appeal his sentence, and thus his conviction became final on April 8, 2019. (ECF No. 42 at 10.) On April 3, 2020, he filed the Motion. (ECF No. 42.)

## III. LEGAL STANDARD

As noted, Abundis requests his sentence be vacated, set aside, or corrected under 28 U.S.C. § 2255(a) following the Supreme Court's decision in *Rehaif*, 139 S. Ct. 2191. (*Id.*) Under § 2255, a federal prisoner may "move the court which imposed the sentence to vacate, set aside or correct the sentence" if the sentence was imposed in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255(a). On June 21, 2019, the Supreme Court decided *Rehaif,* overruling longstanding Ninth Circuit precedent regarding the required mens rea under §§ 922(g) and 924(a)(2).[3] *See* 139 S. Ct. at 2200. Before *Rehaif*, the government was only required to prove the defendant knowingly possessed

---

[3]*See U.S. v. Enslin*, 327 F.3d 788,798 (9th Cir. 2003) (holding the government did not need to prove defendant knew of their prohibited status under 922(g).)

2

a firearm. *See id.* But under *Rehaif*, the government "must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* Thus, the decision added a new mens rea element to §§ 922(g) and 924(a)(2).

## IV.     DISCUSSION

Abundis argues that his indictment failed to state a federal crime by omitting a necessary element of § 922(g)(1) required under *Rehaif*, depriving the court of subject matter jurisdiction and rendering his conviction unconstitutional. (ECF No. 42.) As to the constitutionality of the conviction, Abundis claims that the indictment lacked a cognizable claim, violating his Fifth Amendment right requiring that the grand jury find probable cause to support all necessary elements of the crime, and his Sixth Amendment right guaranteeing notice of the nature and cause of the accusations against him. (*Id.*) Further, Abundis argues that the government was required to demonstrate not only that he knew of his prohibited status, but also that he knew his status prohibited him from possessing a firearm. (*Id.*) Ultimately, Abundis maintains these errors are structural, requiring the Court vacate his conviction and release him. (*Id.*)

The government responds that Abundis' claims are waived by his unconditional guilty plea, and procedurally barred because they were not raised on direct appeal. (ECF No. 46 at 2.)

As further explained below, the Court addresses each issue Abundis raises and finds as follows. First, Abundis' petition is timely. Second, *Rehaif* applies retroactively. Third, the government is not required to demonstrate Abundis knew he was barred from possessing a firearm. Fourth, the Court had subject matter jurisdiction at the time it imposed his sentence. Fifth, Abundis' claims are not procedurally barred because he can demonstrate cause and prejudice. But, Abundis waived his right to assert constitutional claims by pleading guilty unconditionally. In short, the Motion is ultimately denied because Abundis waived his right by pleading guilty.

///

### A. The Petition is Timely

Under 28 U.S.C. § 2255, a "1-year period of limitation" applies and runs from the latest of four time triggers.[4] *See* 28 U.S.C. § 2255. Abundis claims that his Motion is timely because it was filed within one year of his conviction becoming final, and one year of *Rehaif* being decided. (ECF No. 42 at 10.) The Court agrees. When a defendant does not seek direct appeal, as here, the conviction becomes final when time for filing a direct appeal expires. *See U.S. v. Gilbert*, 807 F.3d 1197, 1200 (9th Cir. 2015).

Under this standard, the Motion is timely. Abundis' conviction became final on April 8, 2019 (ECF No. 42 at 10), and the Motion was filed April 3, 2020 (ECF No. 42). Therefore, it was filed within one year of his conviction becoming final. Further, *Rehaif* was decided June 21, 2019, and thus the Motion was also filed within one year of the Court's decision in *Rehaif*. Moreover, the government does not contest timeliness. In sum, the Court finds the Motion timely filed.

### B. Retroactivity

Abundis next argues that the new rule established in *Rehaif* applies retroactively to his case. (ECF No. 42 at 11.) The Supreme Court's decision in *Teague v. Lane*, 489 U.S. 288, 301 (1989) established the framework to determine whether a new rule applies to cases on collateral review. *Teague*'s progeny clarify that "new substantive rules generally apply retroactively," whereas only "watershed" procedural rules will apply retroactively. *Schriro v. Summerlin,* 542 U.S. 348, 351, (2004); *Teague*, 489 U.S. at 311. A rule is "substantive" when it "alters the range of conduct or the class of persons that the law punishes." *Welch v. U.S.,* 136 S. Ct. 1257, 1264-65 (2016).

---

[4]The four time triggers are: "(1) The date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255.

In arguing *Rehaif* applies retroactively to his case, Abundis relies on the Supreme Court's decision in *Bousley v. U.S.* to argue that changes to elements of federal statutes are substantive. (ECF No. 42 at 11 (making the argument).) *See also* 523 U.S. 614, 620-21 (1998) (resolving a circuit split over conduct required for a conviction under a particular statute through interpretation of a criminal offense and revision of its elements.) The Ninth Circuit has yet to opine on the retroactivity of *Rehaif.* As the government does not dispute retroactivity,[5] the Court assumes without deciding that *Rehaif* applies retroactively to Abundis' § 2255 claims.

### C.     Required Proof

Abundis further argues that the plain language of *Rehaif* requires the government not only demonstrate he knew of his prohibited status—as previously convicted of a crime punishable by more than one year—but knew that this status barred him from possessing a firearm. (ECF No. 42 at 7-9.) Specifically, Abundis points to language in *Rehaif* requiring knowledge of "the relevant status." 139 S. Ct. at 2194. He argues that "status" incorporates "the sum total of a person's legal rights, duties, liabilities . . . ." (ECF No. 42 at 8 (quoting *Black's Law Dictionary* (11th ed. 2019)).)[6]

The government counters, and the Court agrees, that *Rehaif* only requires the government prove the defendant knew of their alleged status. This interpretation is supported by the Ninth Circuit Court of Appeals' recent holding in *U.S. v. Singh*, 979 F.3d 697, 727 (9th Cir. 2020). There, the Ninth Circuit held that the government is not required to prove a defendant knew their status prohibited them from owning a firearm because that interpretation is "not supported by *Rehaif*," and goes against the "plain language of

---

[5] The government only cursorily addresses retroactivity and at no point refutes Abundis' argument that *Rehaif* applies retroactively. (ECF No. 46 at 5 ("Just as Abundis argues with respect to the retroactivity analysis, *see* ECF No. 42, at 11, the government believes that *Bailey v. United States*, 516 U.S. 137 (1995) provides an 'excellent parallel' for the procedural default analysis.").)

[6] Abundis also relies on the Court's discussion of "vicious will" and its emphasis on "separat[ing] those who understand the wrongful nature of their act from those who do not" to argue that *Rehaif* requires more than just knowledge of one's prohibited status, but the implications of that status. *Rehaif*, 139 S. Ct. at 2196.

5

the statute and the Supreme Court's textual analysis of 'knowingly.'" *Id.* The Ninth Circuit goes on to explain that "unless the text of the statute dictates a different result, the term 'knowingly' merely requires proof of knowledge of the facts that constitute the offense.'" *Id.* (citing *Bryan v. U.S.*, 524 U.S. 184, 193 (1998)). And here, the Court concludes that the statute at issue in *Rehaif* does not "dictate a different result." *Id.* Thus, the Court finds that the government was only required to prove that Abundis knew of his prohibited status, not that Abundis knew his status barred him from possessing a firearm.

### D. Subject Matter Jurisdiction

Next, Abundis argues that because the indictment did not describe each element of the offense he was charged with, it failed to make out a federal offense, depriving the Court of jurisdiction under 18 U.S.C. § 3231—a defect constituting structural error. *See U.S. v. Ratigan*, 351 F.3d 957, 962-63 (9th Cir. 2003). The government responds that under the Supreme Court's decision in *U.S. v. Cotton*, 535 U.S. 625, 630 (2002), and the Ninth Circuit's subsequent decision in *U.S. v. Velasco-Medina*, 305 F.3d 839, 845 (9th Cir. 2002), omission of a mens rea element does not deprive a court of jurisdiction.

In *Cotton*, the Supreme Court overturned a Fourth Circuit decision finding a "jurisdictional defect" for failure to include drug quantities in an indictment where threshold levels of drugs lead to an enhanced penalty. 535 U.S. at 628. Rather, the Court found that "defects in an indictment do not deprive a court of its power to adjudicate a case" because the Court had "departed from [the] view that indictment defects are 'jurisdictional.'" *Id.* at 630-31. Similarly, in *Velasco-Medina*, the Ninth Circuit found an indictment that failed to allege the requisite specific intent required under the statute did not deprive the Court of jurisdiction. *See* 305 F.3d at 845.

Abundis argues neither of the holdings in either case sweep as broadly as the government claims and attempts to distinguish his case from *Cotton* and *Velasco-Medina*. (ECF No. 42 at 14.) But while Abundis is correct that an indictment that fails to allege an offense would affect the Court's jurisdiction over the case in which that indictment issued, the omission of an element in an indictment does not necessarily deprive a court of

jurisdiction. Indeed, two recent Ninth Circuit opinions addressed jurisdiction in light of *Rehaif* and found that an "indictment's omission of the knowledge of status requirement did not deprive the district court of jurisdiction." *U.S. v. Espinoza*, 816 Fed. Appx. 82, 84 (9th Cir. 2020) (first citing *Cotton*, 535 U.S. at 630, and then citing *Velasco-Medina,* 305 F.3d at 845-46); *see also U.S. v. Burleson*, 820 Fed. Appx. 567, 569 (9th Cir. 2020) (citing *Cotton*, 535 U.S. at 630).

Thus, to the extent the indictment was defective for failing to allege the mens rea element under *Rehaif*, it did not deprive this Court of subject matter jurisdiction.

### E. Procedural Default

The government also argues that Abundis' claims are procedurally defaulted. (ECF No. 46 at 5.) While a defendant is permitted to attack the legality of his sentence or conviction, a defendant who fails to raise the claim on direct appeal is procedurally defaulted unless the defendant can demonstrate: (1) cause and prejudice; or (2) actual innocence. *See Bousley* 523 U.S. at 622 (citations omitted); *U.S. v. Frady*, 456 U.S. 152, 167-168 (1982).

Abundis does not contest that he did not raise the claim in the Motion during his direct appeal, but Abundis responds he can overcome his procedural default because the errors in his indictment are structural, requiring only a showing of cause to set it aside. (ECF No. 42 at 13-14, 16-19, 21.) Alternatively, Abundis argues that he can overcome procedural default because he has sufficiently demonstrated both: (1) cause and prejudice; and (2) actual innocence. (ECF No. 49 at 12-17.) The Court finds that Abundis demonstrates cause and prejudice to overcome the procedural bar, therefore declines to address actual innocence and structural error.

#### 1. Cause

A defendant has cause to overcome procedural default when the "constitutional claim is so novel that its legal basis is not reasonably available to counsel." *Reed v. Ross*, 468 U.S. 1, 16 (1984). A claim is not reasonably available if it "overturn[s] a longstanding

and widespread practice to which this Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved." *Id.* at 17 (quotation omitted).

The Court finds Abundis satisfies the cause prong of the procedural default analysis. The government argues that the claim Abundis raises is not novel because it "has been advanced by advocates, and endorsed by several federal judges, for well over two decades." (ECF No. 46 at 7.) But the Court finds this argument unpersuasive. Prior to *Rehaif*, every circuit that addressed the knowledge-of-status element found it did not apply.[7] Furthermore, the *Rehaif* Court itself acknowledged that it was overruling longstanding lower court authority. In his dissent, Justice Alito states that the "Court casually overturns the long-established interpretation of an important criminal statute . . . an interpretation that has been adopted by every single Court of Appeals to address the question." *Rehaif*, 139 S. Ct. at 2210-11 (J. Alito, dissenting). The Court therefore finds Abundis has cause because *Rehaif* overturned longstanding practice approved by a near unanimous body of lower courts, making Abundis' claim based on *Rehaif* "novel."

### 2. Prejudice

The actual prejudice prong of the procedural default analysis requires a defendant show "not merely that the errors created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire proceedings with error of constitutional dimensions." *Murray v. Carrier*, 477 US at 478, 488 (1986). For defective indictments, the question is "whether an error or omission in an indictment worked to the prejudice of the accused." *U.S. v. James*, 980 F.2d 1314, 1316 (9th Cir. 1992). More

---

[7] *See U.S. v. Smith*, 940 F.2d 710, 713 (1st Cir. 1991); *U.S. v. Huet*, 665 F.3d 588, 596 (3d Cir. 2012); *U.S. v. Langley*, 62 F. 3d 602, 604-08 (4th Cir. 1995) (en banc); *U.S. v. Rose*, 587 F.3d 695, 705-06 (5th Cir. 2009); *U.S. v. Lane*, 267 F.3d 715, 720 (7th Cir. 2001); *U.S. v. Thomas*, 615 F.3d 895, 899 (8th Cir. 2010); *U.S. v. Enslin*, 237 F.3d 788, 798 (9th Cir. 2003); *U.S. v. Games-Perez*, 667 F.3d 1136, 1142 (10th Cir. 2012); *U.S. v. Jackson*, 120, F.3d 1226, 1229 (11th Cir. 1997) (per curiam).

specifically, the question is whether the defendant had "been given adequate knowledge of the missing element[] in order to satisfy the due process requirement." *Id.* at 1318.

Abundis argues that without adequate knowledge of the missing element, due process was not satisfied because he was not given notice to put on a thorough defense, allow counsel to properly advise him, and "fill the record with potentially exculpatory evidence." (ECF No 49 at 28.) The government relies on the Ninth Circuit's decision in *U.S. v. Benamor*, 937 F.3d 1182, 1186 (9th Cir. 2019), to argue in response that, given his criminal history, no reasonable possibility exists that Abundis did not know he had been convicted of a crime for which he could be sentenced to more than a year imprisonment. (ECF No. 46 at 15-16.)

In *Benamor*, the defendant filed a petition for rehearing following *Rehaif*, arguing that the evidence was insufficient because the government failed to prove he knew he was a felon. *See* 937 F.3d at 1188. The Ninth Circuit pointed to the defendant's stipulation that he had been convicted of a crime punishable by more than one year to relieve the government's burden. *See id.* But the Ninth Circuit also acknowledged that if "the stipulation does not end the discussion as to Defendant's *knowledge* of his status" his nine years in prison for various felony convictions conclusively indicated there was no error in not instructing the jury to find knowledge of prohibited status. *Id.* And although, as Abundis points out, the plain error standard does not apply here,[8] *Benamor* is instructive. There, the Ninth Circuit did not exclusively rely upon the applicable stipulation to resolve its analysis but focused primarily on the nine years in prison. Many courts determining prejudice have similarly relied predominantly on a defendant's criminal history to find it is implausible that the defendant did not know they had been convicted of a crime punishable by imprisonment for a term exceeding one year.[9]

---

[8]"The government does not cite to, nor can undersigned counsel find, any case applying the plain error standard to habeas petitions. '[T]he proper standard for review of [Mr. Abundis'] motion is the 'cause and actual prejudice standard.' In fact, 'use of the 'plain error' standard to review [a] § 2255 motion [is] contrary to long-established law.'" (ECF No. 49 at 26 (citing *Frady*, 456 U.S. at 167).)

9

Yet, the government's reasoning based on *Benamor* is flawed as to Abundis, for at least two reasons. First, unlike in other cases cited above, and contrary to the government's argument here (ECF No. 46 at 15-16), Abundis did not serve more than one year in prison. Before this offense, Abundis was convicted of Assault by Means Likely to Inflict Great Bodily Injury on October 7, 2014. (ECF No. 49 at 9.) The offense was one that could be charged and sentenced either as a felony or a misdemeanor ("a wobbler"), and he was sentenced to a term of three years probation and one year imprisonment, but his sentence was suspended. (ECF No. 49 at 10.) Therefore, contrary to the government's representations (ECF No. 46 at 15-16), Abundis did not serve more than a year in prison. Rather, he only served a maximum of 302 days on probation violations. (ECF No. 49 at 10.)[10]

---

[9]*See e.g., U.S. v. Reynolds*, Case No. 2:16-cr-00296-JAD-PAL-3, 2020 WL 5235316, at *4 (D. Nev., Sept. 2, 2020) (finding that 13 total years in prison on five felony convictions "renders it implausible that Reynolds did not know at the time of this offense that he had been convicted of a crime punishable by imprisonment for a term exceeding one year and forecloses his actual-prejudice arguments."); *U.S. v. Lowe*, Case No. 2:14-cr-00004-JAD-VCF, 2020 WL 2200852, at *2 (D. Nev. May 6, 2020) (finding that evidence of serving five years in prison "proves beyond a reasonable doubt that Lowe well knew at the time of the offense that he had been convicted of 'a crime punishable by imprisonment for a term exceeding one year.'"); *Whitley v. U.S.*, Case No. 04 Cr. 1381 (NRB), 2020 WL 1940897, at *2 (S.D.N.Y. Apr. 22, 2020) (finding that "any argument that Whitley was prejudiced therefrom is belied by the sheer implausibility that, after having been convicted of multiple prior felony convictions for which sentences exceeding a year had been imposed, and having in fact served more than a year in prison in connection therewith, Whitley nevertheless lacked the requisite awareness of his restricted status."); *MacArthur v. U.S.*, Case No. 1:12-cr-00084-JAW, 2020 WL 1670369, at *10 (D. Me. Apr. 3, 2020) ("The record, including the presentence investigation report, shows that Petitioner had numerous prior felony convictions over many years before the § 922(g) conviction at issue…[thus] the Government would have been able to prove beyond a reasonable doubt that Petitioner knew of his prohibited status at the time he possessed the firearm."); *Floyd v. U.S.*, Case No. 19 C 6578, 2020 WL 374695, at *3 (N.D. Ill. Jan. 23, 2020) ("His plea agreement stated that he had previously been convicted of a crime (heroin manufacturing/delivery) for which he was sentenced to *four years* in prison, and he admitted at his plea hearing that he 'had been convicted of at least one crime punishable by imprisonment for a term exceeding one year. It is inconceivable that Floyd would have declined to plead guilty…'") (citations omitted).

[10]Abundis calculates the time served on the underlying offense, totaling a maximum of 302 days, which is less than the 400 days indicated by the government. (ECF

Moreover, in *Rehaif* itself, the Court acknowledged the importance of scienter because "if the provisions before us were construed to require no knowledge of status . . . [the] provisions might apply to a person who was convicted of a prior crime but sentenced only to probation, who does not know that the crime is '*punishable* by imprisonment for a term exceeding one year." *Rehaif*, 139 S. Ct. at 2197-98. And this hypothetical appears to describe this case. Abundis was sentenced only to probation, so he would not necessarily have known he was sentenced to a crime punishable by imprisonment for a term exceeding a year. *See id.*

Indeed, the Court cannot foresee a case where a defendant is more likely to demonstrate prejudice than here. Although the government acknowledges Abundis' admission at the change-of-plea hearing, its argument that he lacks prejudice is centered on the mistaken belief that he served over a year in prison. Similarly, the Court in *Benamore* acknowledged a stipulation but ultimately relied on the amount of time in custody.[11] Moreover, as discussed above, subsequent cases have built the prejudice analysis around the amount of time in custody.[12] That suggests that the Court should look at the amount of time Abundis was actually in custody. Thus, the Court finds that here the stipulation alone is not enough to demonstrate knowledge. Without serving at least a year in prison, it is probable that Abundis could have argued lack of knowledge as to his prohibited status, thereby infecting his proceedings with prejudice. Abundis can show prejudice.

---

No. 49 at 9-11.) Abundis further points out that the time he served on probation violations was similar in length to time served on prior misdemeanor convictions. (ECF No. 49 at 11.)

[11]In *Benamore,* the court found the defendant's stipulation that he had been convicted of a crime punishable by imprisonment for a term exceeding a year "relieved the government of the burden to prove Defendant's status as a felon." 937 F.3d at 1188. But, the court continued to say that "assuming, however, that the stipulation does not end the discussion as to Defendant's *knowledge* of his status as a felon, there was no plain error" and proceeded to address the terms of imprisonment. *Id.*

[12]As discussed above in footnote 9, other courts have predominantly relied on the amount of time in custody to find no prejudice exists. *See, e.g., Lowe*, 2020 WL 2200852, at *2 n.15 (collecting cases).

11

In sum, the Court finds that Abundis has demonstrated cause and prejudice to overcome procedural default. But the Court will nevertheless deny the Motion because Abundis waived his right to challenge his conviction which the Court will address next.

### F. Claims Waived by Unconditional Guilty Plea

The government argues that by pleading guilty unconditionally, Abundis waived his right to make any non-jurisdictional challenges to the indictment under the rule announced in *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). (ECF No. 46 at 11-12.) Abundis responds that his claims are not barred because they fall under an exception to this rule. (ECF Nos. 42 at 22-23, 49 at 5-7.) The Court agrees with the government because these exceptions do not apply.

In *Tollett*, the Supreme Court held that when a defendant pleads guilty, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea . . . ." *Id.* The Supreme Court has recognized an exception to the *Tollett* rule: a claim, judged on its face, which the State cannot "constitutionally prosecute."[13] In *U.S. v. Chavez-Diaz*, 949 F.3d 1202, 1206 (9th Cir. 2020), the Ninth Circuit clarified that the exception "allows for constitutionally-based appeals—despite an unconditional guilty plea—where the appeal, if successful, would mean the government cannot prosecute the defendant *at all.*" S*ee, e.g., Menna v. New York*, 423 U.S. 61, 62 (1975) (per curiam) (holding double jeopardy exempted from *Tollett*); *Blackledge v. Perry*, 417 U.S. 21 (1974) (holding vindictive prosecution exempted from *Tollett*); *Class v. U.S.*, 138 S. Ct. 798, 805 (2018) (holding constitutionality of criminal statute exempted from *Tollett*).

Here, Abundis pled guilty (ECF No. 27), and the Court accepted his plea (ECF No. 26). As part of that plea, Abundis "knowingly and expressly waive[d] all collateral

---

[13]Referred to as the "*Menna-Blackledge* exception." *Class v. U.S.,* 138 S. Ct. 798, 805 (2018) (quoting *Menna v. New York*, 423 U.S. 61, 63 (1975) (per curiam)).

1  challenges, including any claims under 28 U.S.C. § 2255 . . . ." (ECF No. 27.) He now
2  seeks to assert constitutional claims arising prior to the entry of plea.

3  The Court is not persuaded. First, Abundis is not attacking the voluntary and
4  intelligent character of his guilty plea. Rather, he explicitly argues that his claim falls within
5  an exception to *Tollett.* (ECF No. 42 at 22.) Therefore, without attacking the voluntary and
6  intelligent character of his guilty plea, his claims can only be raised if they fall under the
7  exception to *Tollett. See* 411 U.S. at 267. The Court finds they do not. As clarified in
8  *Chavez-Diaz*, the exceptions apply only when a successful appeal would mean the
9  government cannot prosecute the defendant at all. *See* 949 F.3d at 1206. But here, unlike
10 a claim of double jeopardy,[14] the claims Abundis raises could have been remedied by a
11 new indictment. Thus, the Court finds Abundis' claims are barred by his guilty plea.

12 **V.   CERTIFICATE OF APPEALABILITY**

13 Before Abundis can appeal the Court's decision to deny his Motion, he must obtain
14 a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22; 9th Cir. R. 22-
15 1; *U.S. v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011). To receive such a certificate,
16 a petitioner must make "'a substantial showing of the denial of a constitutional right' as to
17 each issue the petitioner seeks to appeal." *Washington*, 653 F.3d at 1059 (quoting 28
18 U.S.C. § 2253(c)(2), (3)). "The petitioner must demonstrate that reasonable jurists would
19 find the district court's assessment of the constitutional claims debatable or wrong." *Slack*
20 *v. McDaniel*, 529 U.S. 473, 484 (2000). The Court determines that reasonable jurists
21 would not find its reasoning debatable or wrong. Thus, the Court will deny a certificate of
22 appealability.

23 **VI.  CONCLUSION**

24 The Court notes that the parties made several arguments and cited to several
25 cases not discussed above. The Court has reviewed these arguments and cases and
26 determines that they do not warrant discussion as they do not affect the outcome of the
27 motion before the Court.

---

[14]*See Menna*, 423 U.S. at 62.

It is therefore ordered that Abundis' motion to vacate, set aside, or correct his conviction and sentence (ECF No. 42) is denied.

It is further ordered that a certificate of appealability is denied.

The Clerk is directed to enter judgment in accordance with this order and close this case.

DATED THIS 30th Day of November 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE